**INSTRUCTIONS FOR PREPARING PATENT CASE MANAGEMENT PLAN "CMP"**

The following provisions apply to patent cases filed in the United States District Court for the Southern District of Indiana.

## General Instructions

Unless the plaintiff is pro se, counsel for plaintiff is responsible for coordinating timely completion of the CMP.  The Court typically sets the deadline for filing a proposed CMP in the order setting the initial pretrial conference.  Otherwise, the deadline for filing the CMP is 90 days from the date the case was filed or removed unless otherwise set by court order.  The deadline for filing the CMP shall not be extended without written motion that establishes good cause to extend the deadline.  Regardless of the status of the CMP, the parties are free to engage in discovery if in compliance with the Federal Rules of Civil Procedure and Local Rules of this Court.

The calculation of all deadlines for the CMP is based on the "Anchor Date," which means the date that the case was filed or removed to the Court.  Because all CMP deadlines are linked to the Anchor Date, plaintiffs must promptly effectuate service on all defendants.  The Court may entertain requests from defendants to use a modified Anchor Date if service is not made promptly.

The Anchor Date is used to calculate certain deadlines that will govern pretrial management.  Please note, however, that the parties are encouraged to shorten these time frames in appropriate cases so that the case may be scheduled for trial more quickly than the outer deadlines otherwise applicable.

The use of the term "months" for calculating the dates (rather than counting days) is for ease of calculation.  Thus, for example, if the Anchor Date is the 20th of the month, most of CMP deadlines will fall on the 20th of the respective months regardless of how many days comprise the intervening months.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY,<br><br>      Plaintiff/Counterclaim Defendants,<br><br>      v.<br><br>DR. REDDY'S LABORATORIES, LTD. and DR. REDDY'S LABORATORIES, INC.,<br><br>      Defendants/Counterclaimants. | Civil Action No.: 1:16-cv-308-TWP-DKL |

**PATENT CASE MANAGEMENT PLAN**

The instant case is a patent dispute relating to a chemotherapy drug, ALIMTA®. Plaintiff Eli Lilly and Company ("Lilly") alleges that the filing of NDA No. 208297 owned by Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. (collectively referred to below as "the DRL Defendants"), and the use of the product described therein, infringe Lilly's U.S. Patent No.7,772,209. The DRL Defendants assert that their NDA was filed pursuant to 21 U.S.C. § 355(b), and the proposed NDA product disclosed therein does not infringe Lilly's patent. On December 29, 2015, Lilly received the DRL Defendants' Notice Letter relating to NDA No. 208297. Thereafter, Eli Lilly and Company filed its Complaint on February 5, 2016. In accordance with 21 U.S.C. § 355(c)(3)(C), a thirty-month stay of approval of NDA No. 208297 is in effect until June 29, 2018.

**I.**  **Parties and Representatives**

    A.    The correct name of each party is as follows:

**Plaintiff and Counterclaim Defendant:**
Eli Lilly and Company

**Defendants/Counter Claimants:**
Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc.

  B. The full name, address, telephone, fax number, and e-mail address of all counsel are as follows:

**Counsel for Plaintiff/Counter Defendant:**

**Jan M. Carroll**
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Phone: (317) 236-1313
Fax: (317) 231-7433
Email: jan.carroll@btlaw.com

**Adam L. Perlman**
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Phone: (202) 434-5149
Fax: (202) 434-5029
Email: aperlman@wc.com

**Dov. P. Grossman**
WILLIAMS & CONNOLLY, LLP
725 Twelfth Street, NW
Washington, DC 20005
Phone: (202) 434-5000
Fax: (202) 434-5029
Email: dgrossman@wc.com

**Bruce Roger Genderson**
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Phone: (202) 434-5999
Fax: (202) 434-5029
Email: bgenderson@wc.com

**Counsel for Defendants/Counter Claimants:**

**Stephen E. Arthur**
HARRISON & MOBERLY, LLP
Stephen E. Arthur, Atty. No. 4055-49
10 West Market Street, Suite 700
Indianapolis, Indiana 46204
Phone: (317) 639-4511
Facsimile: (317) 639-9565
Email: sarthur@harrisonmoberly.com

**Jeffery B. Arnold**
CANTOR COLBURN LLP
1180 Peachtree Street
Suite 2050
Atlanta, GA 30309
Phone: (404) 607-9991
Facsimile: (404) 607-9981
Email: jarnold@cantorcolburn.com

**Steven M. Coyle**
CANTOR COLBURN LLP
20 Church Street
22nd Floor
Hartford, CT 06103
Phone: (860) 286-2929
Facsimile: (860) 286-0115
Email: scoyle@cantorcolburn.com

**Nicholas A. Geiger**
CANTOR COLBURN LLP
20 Church Street
22nd Floor
Hartford, CT 06103
Phone: (860) 286-2929
Facsimile: (860) 286-0115
Email: ngeiger@cantorcolburn.com

**David M. Krinsky**
WILLIAMS & CONNOLLY, LLP
725 Twelfth Street, NW
Washington, DC 20005
Phone: (202) 434-5338
Fax: (202) 434-5029
Email: dkrinsky@wc.com

**Christopher T. Berg**
WILLIAMS & CONNOLLY, LLP
725 Twelfth Street, NW
Washington, DC 20005
Phone: (202) 434-5000
Fax: (202) 434-5029
Email: cberg@wc.com

>Counsel must promptly file a notice with the Clerk if there is any change in this information.

## II.  Jurisdiction and Statement of Claims

A. This is an action for patent infringement, and the parties agree that the Court has subject matter jurisdiction under 28 U.S.C. § 1338.

B. **Lilly's position:** The DRL Defendants have filed a "paper NDA"—a New Drug Application under 21 U.S.C. § 355(b)(2)—based on the clinical data that led to approval of Lilly's ALIMTA® (pemetrexed for injection) product. The DRL Defendants seek approval to manufacture and sell their own pemetrexed product before the expiration of Lilly's U.S. Patent No. 7,772,209 ("the '209 patent"), which covers the FDA-approved pemetrexed treatment regimen. The use of DRL's proposed NDA product will infringe the '209 patent under at least the doctrine of equivalents, and accordingly the filing of the NDA also infringed the '209 patent under 35 U.S.C. § 271(e)(2).

C. **Defendants' position:** The DRL Defendants' filed their NDA pursuant to 21 U.S.C. § 355(b)(2) because their proposed NDA product is not an ANDA reproduction of ALIMTA®. NDA No. 208297 is based in part on clinical data related to ALIMTA® approval, which is specifically authorized by the statute, and in part on information generated by the DRL Defendants which is disclosed in their NDA. All claims of the '209 patent, require administration of pemetrexed disodium to a patient in need thereof. The DRL Defendants' proposed NDA product is void of pemetrexed disodium. Accordingly, the DRL Defendants' proposed NDA product does not infringe any claim of the '209 patent either literally or under the doctrine of equivalents with respect to any provision of 35

4

U.S.C. § 271.

**III.    Early Filings and Disclosures**

    A.    The parties must serve their Fed. R. Civ. P. 26 initial disclosures on or before **June 3, 2016**.

    B.    Plaintiff(s) must file preliminary witness and exhibit lists on or before **June 16, 2016**.

    C.    Defendant(s) must file preliminary witness and exhibit lists on or before **July 1, 2016**.

    D.    All motions for leave to amend the pleadings and/or to join additional parties must be filed on or before **July 5, 2016**.

    E.    Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim must notify the Court as soon as practicable.

    F.    Any party who believes that the particular circumstances of the case warrant additional disclosures or briefing of critical issues different from that specified by the Court's uniform patent CMP should set out those matters in the proposed CMP and be prepared to present its position fully at the initial pretrial conference. By way of example, counsel should advise the court of any important claims construction disputes they anticipate or whether advice of counsel is expected or is likely to be asserted as a defense to allegations of willful infringement. Counsel are advised, however, that departures from the sequencing and timing included in the uniform plan will be the exception rather than the rule and that parties seeking departure must present compelling reasons.

**IV.    Discovery and Related Deadlines**

    A.    Given that many of documents and witnesses concerning the DRL Defendants' proposed NDA product are in India, and given the degree of complexity of the scientific issues involved (and the concomitant need for expert testimony, including from clinicians), the parties anticipate that both fact and expert discovery concerning infringement will take longer than for most cases. Accordingly, all liability discovery—both fact and expert—must be completed[1]

---

[1] The term "completed," as used in this section, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request must be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the discovery requests unless and until the Court grants the motion.

by **April 14, 2017**. This date will not affect the timing of trial relative to the presumptive trial date, particularly given the absence of damages discovery as part of this proposed schedule. The parties should focus their early discovery in a manner that prepares them to respond timely to discovery requests concerning their preliminary infringement and invalidity contentions.

B. The parties have a dispute regarding the deadline for infringement contentions.

**Lilly Proposal:** Lilly must file and serve its infringement contentions, and DRL must file and serve its invalidity contentions, by **October 5, 2016**. This is the default date provided by the schedule (8 months from the Anchor Date), and Lilly believes that it appropriately balances the parties' interests in early disclosure of contentions with their interests in commencing discovery before serving contentions. DRL suggests below that this default date is somehow less applicable to Hatch-Waxman cases because in other cases, "the defendant often had no notice before suit was filed," but that is not only unfounded, it is backwards. DRL made a deliberate decision to file an NDA based on the clinical data for Lilly's ALIMTA® product, to include in that NDA a certification under 21 U.S.C. § 355(b)(2)(A)(iv) that (in its view) its product does not infringe the '209 patent, and thus to trigger this litigation. It is thus better positioned than a typical patent defendant, not worse, to understand Lilly's likely infringement position. The parties, moreover, have agreed to a schedule with a trial date amply before the expiry of the thirty-month stay for the Court to enter final judgment before that stay expires. And with the default contention schedule Lilly requests, the remainder of the agreed schedule provides even more time for expert discovery following the exchange of contentions than the default. There is thus no justification whatsoever for the accelerated exchange of contentions that DRL requests. To the contrary, plaintiffs such as Lilly are ordinarily permitted several months of discovery before serving contentions. DRL suggests that its pre-suit offer of confidential access to portions of its NDA justifies an early exchange of contentions, but that offer limited any use of documents received in connection with that offer to a determinination whether to file suit. Even if Lilly had received documents pursuant to that offer, it could not have used them to prepare contentions in litigation, and the offer is irrelevant to when contentions should be served. Accordingly, the exchange of contentions should proceed on the default date.

**DRL Proposal:** Lilly must file and serve its infringement contentions, and DRL must file and serve its invalidity contentions, by **July 15, 2016**. The "default" due date under the Local Patent Rules for Infringement Contentions is less applicable to Hatch Waxman cases than to conventional patent suits, where the defendant often had no notice before the suit was filed. Here, DRL Defendants provided a Notice Letter to Lilly on December 29, 2015 detailing its noninfringement position, along with an offer of confidential access to the and offering for Lilly to inspect the relevant DRL NDA (to which Lilly declined to do). Moreover, pursuant to the provisions of the Hatch Waxman Act as indicated above, a thirty

6

       month stay of approval of DRL Defendants' NDA No. 208297 is in effect until June 29, 2018.  It is important that this case proceed so as to obtain a judgment prior to that date if possible so as to avoid a potential "launch at risk" scenario.  Finally, the specific nature natural of Lilly's infringement theories (which are presently unknown), including whether it is alleging literal infringement versus the doctrine of equivalents, will impact discovery.  For example, this will affect the categories of documents requested and also the number and type of experts that DRL Defendants will need to obtain.  It is therefore important that this information be discovered as early as practicable.  Under the circumstances, there is no material prejudice to Lilly in providing its Infringement Contentions by July 15, 2016, and submission of its contentions by that date also furthers the goal of ensuring the speedy and efficient disposition of this matter.

C.     The party with the burden of proof as to any liability issue must disclose the name, address, and vita of any expert witness on liability, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **January 12, 2017**.  The responding party must disclose the name, address, and vita of any expert witness, and must serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **February 13, 2017** (projected). If the party with the burden has disclosed no experts, the responding party must make any expert disclosure on or before **February 13, 2017**.  Any reply expert reports from the party with the burden of proof shall be served on or before **March 6, 2017**.

D.     Any dispositive motions must be filed no later than **June 16, 2017**.  **Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.  Issues of claims construction, infringement/non-infringement, and invalidity must be briefed at this time. Any motion to limit or preclude evidence (including expert testimony) in connection with dispositive motions must also be presented at this time.** The parties will proceed under a four-brief schedule.  The plaintiff must file any dispositive motion by the above due date; the defendant must file any dispositive motion within twenty-eight days thereafter [**July 14, 2017**] along with a consolidated brief in support/brief in opposition to the plaintiff's motion; the plaintiff must file a consolidated brief in opposition/reply in support within 28 days thereafter [**August 11, 2017**]; and the defendant may file any reply in support of its own motion within 14 days thereafter [**August 25, 2017**].  If the plaintiff does not file a dispositive motion, any dispositive motion by the defendant is due [**June 30, 2017**] [no later than 17 months from the Anchor Date], and briefing will proceed according to Local Rule 56-1.  If the plaintiff files a dispositive motion and the defendant does not, briefing on the plaintiff's motion will proceed according to Local Rule 56-1.  Counsel may confer and propose by motion a modified schedule and page limits different from those prescribed by Local Rule 7-1 so long as the briefing is completed within the time contemplated by this section.

E. Because there is no damages claim at this time, this proposed schedule does not include deadlines for expert witness disclosures or discovery relating to damages.

F. The parties have discussed discovery of electronically stored information ("ESI") and agree to revisit the question after service of requests for production of documents. The parties further agree to defer completion of the ESI Supplement to the Report of the Parties' Planning Meeting (also available in MS Word on the Court's website at www.insd.uscourts.gov/Judges/CMP_info.htm.) until that time, when the parties will have a better understanding of whether either party is seeking production of a substantial volume of ESI.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

**V. Later Filings and Deadlines**

A. Within 14 days after the liability discovery deadline (*i.e.*, by **April 28, 2017**), and consistent with the certification provisions of Fed. R. Civ. Proc. 11(b), the party with the burden of proof must file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

B. To the extent requests to limit or preclude expert testimony were not raised and determined at the dispositive motions stage, any party who wishes to limit or preclude expert testimony at trial must file any such objections no later than **September 29, 2017**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56-1.

C. All parties must file and serve their final witness and exhibit lists on or before **September 15, 2017**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses must include a brief synopsis of the expected testimony.

**VI.**     **Pre-Trial/Settlement Conferences**

The Court will schedule regular status conferences following the initial pretrial conference.  **Among the issues the parties must be prepared to address at every pretrial or status conference are settlement and the appropriate timing of a settlement conference with the magistrate judge.**

**VII.**    **Trial Date**

The presumptive trial date is 24 months from the Anchor Date.  The parties request a trial date in **late January 2018**.  The trial is by **Court** and is anticipated to take five (5) days.  The proposed trial date in January 2018 is slightly earlier than the presumptive date of February 2018 because counsel for Lilly are scheduled for another trial in February 2018.

**VIII.**   **Referral to Magistrate Judge**

A.   **Case**.  At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(b) and Federal Rules of Civil Procedure 73 for all further proceedings including trial.

B.   **Motions**.  The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.  If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

**IX.**     **Required Pre-Trial Preparation**

A.   **THREE WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties must:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

    4.    A party who intends to offer any depositions into evidence during the party's case in chief must prepare and file with the Court and copy to all opposing parties a document that lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

    5.    Provide all other parties and the Court with any motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law). If trial briefs are requested by the court or otherwise appropriate, they are to be filed at this time.

    6.    Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment and schedule training on the Court's Video Electronic Presentation System ("VEPS") with the judge's Courtroom Deputy.

B.    **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties must:**

    1.    Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

    2.    If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party must submit the objections and counter summaries or designations to the Court in writing. Any objections must be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections must be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

    3.    File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

    4.    Notify the Court and opposing counsel of requests for separation of witnesses at trial.

**IX.**    **Other Matters**

At this time, the parties do not seek to bring any other matters to the Court's attention.

Dated: June 3, 2016                                          Respectfully submitted,

| **Counsel for Plaintiff/Counter Defendant:** | **Counsel for Defendants/Counter Claimants:** |
|---|---|
| By: /s/ David M. Krinsky<br>**Jan M. Carroll**, Atty. No. 4187-49<br>BARNES & THORNBURG LLP<br>11 South Meridian Street<br>Indianapolis, IN 46204<br>Phone: (317) 236-1313<br>Fax: (317) 231-7433<br>Email: jan.carroll@btlaw.com | By: /s/ Jeffery B. Arnold (with permission)<br>**Jeffery B. Arnold**<br>CANTOR COLBURN LLP<br>1180 Peachtree Street<br>Suite 2050<br>Atlanta, GA 30309<br>Phone: (404) 607-9991<br>Facsimile: (404) 607-9981<br>Email: jarnold@cantorcolburn.com |
| **Adam L. Perlman**<br>WILLIAMS & CONNOLLY LLP<br>725 Twelfth Street, N.W.<br>Washington, DC 20005<br>Phone: (202) 434-5149<br>Fax: (202) 434-5029<br>Email: aperlman@wc.com | **Steven M. Coyle**<br>CANTOR COLBURN LLP<br>20 Church Street<br>22nd Floor<br>Hartford, CT 06103<br>Phone: (860) 286-2929<br>Facsimile: (860) 286-0115<br>Email: scoyle@cantorcolburn.com |
| **Dov P. Grossman**<br>WILLIAMS & CONNOLLY, LLP<br>725 Twelfth Street, NW<br>Washington, DC 20005<br>Phone: (202) 434-5000<br>Fax: (202) 434-5029<br>Email: dgrossman@wc.com | **Nicholas A. Geiger**<br>CANTOR COLBURN LLP<br>20 Church Street<br>22nd Floor<br>Hartford, CT 06103<br>Phone: (860) 286-2929<br>Facsimile: (860) 286-0115<br>Email: ngeiger@cantorcolburn.com |
| **Bruce Roger Genderson**<br>WILLIAMS & CONNOLLY LLP<br>725 Twelfth Street, N.W.<br>Washington, DC 20005<br>Phone: (202) 434-5999<br>Fax: (202) 434-5029<br>Email: bgenderson@wc.com | **Stephen E. Arthur**, Atty. No. 4055-49<br>HARRISON & MOBERLY, LLP<br>Stephen E. Arthur, Atty. No. 4055-49<br>10 West Market Street, Suite 700<br>Indianapolis, Indiana 46204<br>Phone: (317) 639-4511<br>Facsimile: (317) 639-9565<br>Email: sarthur@harrisonmoberly.com |

**David M. Krinsky**
WILLIAMS & CONNOLLY, LLP
725 Twelfth Street, NW
Washington, DC 20005
Phone: (202) 434-5338
Fax: (202) 434-5029
Email: dkrinsky@wc.com

**Christopher T. Berg**
WILLIAMS & CONNOLLY, LLP
725 Twelfth Street, NW
Washington, DC 20005
Phone: (202) 434-5000
Fax: (202) 434-5029
Email: cberg@wc.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT \_\_\_\_\_.M., ROOM _____. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE  COURT JUDGE AT (\_\_\_\_) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE  JUDGE'S STAFF AT (\_\_\_\_) _____; |
| | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**

_____          _____
Date                                                                  U. S. District Court
                                                                             Southern District of Indiana

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2016, I caused a true and correct copy of the foregoing Patent Case Management Plan to be served electronically on the following counsel of record by operation of the Court's CM/ECF system:

>Stephen E. Arthur, #4055-49
>HARRISON & MOBERLY, LLP
>10 West Market Street, Suite 700
>Indianapolis, IN 46204
>Tel: (317) 639-4511
>sarthur@harrisonmoberly.com
>
>Jeffery B. Arnold
>CANTOR COLBURN LLP
>1180 Peachtree Street, Suite 2050
>Atlanta, GA 30309
>Tel: (404) 607-9991
>jarnold@cantorcolburn.com
>
>Steven M. Coyle
>Nicholas A. Geiger
>CANTOR COLBURN LLP
>20 Church Street, 22nd Floor
>Hartford, CT 06103
>Tel: (860) 286-2929
>scoyle@cantorcolburn.com
>ngeiger@cantorcolburn.com

>/s/ David M. Krinsky
>David M. Krinsky