UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ELI LILLY AND COMPANY | ) | |
| | ) | |
| Plaintiff-Counterclaim | ) | Case No. 1:16-cv-308-TWP-DKL |
| Defendant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DR. REDDY'S LABORATORIES, LTD. | ) | |
| and DR. REDDY'S LABORATORIES, | ) | |
| INC., | ) | |
| | ) | |
| Defendants-Counterclaimants. | ) | |

**STIPULATED PROTECTIVE ORDER**

**I.     INTRODUCTION**

Whereas this is a case pursuant to Section 505(b)(2)(A)(iv) of the Food, Drug, and Cosmetic Act, 21 U.S.C. § 355(b), involving a patent dispute relating to a chemotherapy drug, ALIMTA®, and New Drug Application (NDA) No. 208297; and

Whereas the parties have in good faith conferred and have agreed upon the terms of a Protective Order and for good cause shown; therefore

The parties, by their undersigned counsel, pursuant to Fed. R. Civ. P. 26(c)(1), hereby stipulate to the following Protective Order, which is based on this Court's Uniform Stipulated Protective Order.

**II.     SCOPE OF PROTECTED INFORMATION**

In the course of discovery in this action, the parties may be required to produce information that constitutes, in whole or in part, protected information such as trade secrets, non-public research and development, commercial or financial information, or other

information that may cause harm to the producing party or a non-party.  The parties anticipate production of the following categories of protected information:  nonpublic research and development data and communications regarding same; nonpublic regulatory filings and communications regarding same; nonpublic pricing information, including sales and profits and communications regarding same; nonpublic financial data, including sales, marketing, and communications regarding same; nonpublic information about the identity and lists of customers and vendors and communications regarding same; nonpublic business plans and product development information and communications regarding same.

III.    **DESIGNATION OF PROTECTED INFORMATION**

A.    Scope:  This Order governs the production and handling of any protected information in this action.  Any party or non-party who produces protected information in this action ("Producing Party") may designate it as "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" consistent with the terms of this Order.  As used herein, the terms "CONFIDENTIAL" and "CONFIDENTIAL INFORMATION" mean (i) any form of trade secret or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(1)(G), or (ii) information involving the medical or employee privacy interests of one or more individuals.  "Designating Party" means the party or non-party who so designates the protected information; "Receiving Party" means the party or non-party to whom such information was produced or disclosed.

This Order shall govern any record of information, designated in accordance with this Protective Order, produced in this action, including, without limitation, all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated interrogatory answers, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of

2

documents or other formal methods of discovery.  This Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or Southern District of Indiana local rule, and any supplementary disclosures thereto.  The restrictions contained herein to the use of information designated CONFIDENTIAL INFORMATION shall apply to (a) portions of documents, copies, extracts, and complete or partial summaries prepared from or containing such information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (d) deposition testimony designated in accordance with § III.C; and/or (e) testimony taken at a hearing or other proceeding that is designated in accordance with § V.F.  Whenever reasonably possible, the Designating Party must designate only those portions of a document, deposition, transcript, or other material that contain the protected information and refrain from designating entire documents.  Regardless of any designations made hereunder, and as discussed further below in § V.B, a Designating Party is not otherwise restricted from use or disclosure of its own protected information.  In addition, any party may move to modify or seek other relief from any of the terms of this Order if it has first tried in writing and in good faith to resolve its needs or disputes with the other party pursuant to the terms of this Order and S.D. Ind. L.R. 37-1.

This Protective Order shall not apply to information that is or was available to the public prior to disclosure. The restrictions contained in this Protective Order shall not apply to information that is or was available to the public other than by an act or omission of the party to whom such disclosure is made, or that is legitimately and independently acquired from a source not subject to this Protective Order.  This Protective Order is not intended to address

discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work-product immunity, or to preclude either party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure or the Local Rules of the Southern District of Indiana.

B.   <u>Application to Non-Parties</u>:  The terms of this Protective Order, as well as the terms of any protective order that may be entered into between a discovering party and third party for the production of information to the discovering party, are applicable to CONFIDENTIAL INFORMATION provided by a nonparty.  Information provided by a non-party in connection with this action and designated CONFIDENTIAL pursuant to the terms of this Protective Order shall be protected by the remedies and relief provided by this Protective Order.

C.   <u>Timing and Provisional Protection:</u>  Designations may be made at any time.  To avoid potential waiver of protection hereunder, the Designating Party should designate information at the time of production or disclosure, including on the record during the taking of any testimony.  Deposition testimony will be deemed provisionally protected for a period of 30 days after the transcript is released to the parties by the court reporter, although the parties may agree at any time to different timelines of provisional protection of information as CONFIDENTIAL as part of one or more specific depositions.  During the 30 days of provisional protection, the transcript shall not be disclosed by a non-Designating Party to persons other than those persons qualified to receive such information pursuant to this Order.  Unless the transcript is designated CONFIDENTIAL on the record during the deposition, in order to retain any designations beyond the provisional period, a Designating Party must designate specific pages and lines of deposition testimony before the provisional period has expired.  Such

designations must be made in writing so that all counsel and court reporters may append the designation to all copies of the transcripts.

The Designating Party shall have the right to exclude from portions of a deposition, before the taking of testimony which the Designating Party designates CONFIDENTIAL and subject to this Order, all persons other than those persons previously qualified to receive such information pursuant to this Order.  If such individuals fail to comply with such a request, the requesting counsel for the Designating Party may seek relief from the Court pursuant to the Court's procedures for resolution of discovery disputes, and pending resolution of that request, instruct or request the witness not to answer questions relating to, or to limit disclosure of, the CONFIDENTIAL INFORMATION at issue.

D.    <u>Manner of Designation:</u>  Each party shall have the right to designate information as CONFIDENTIAL, subject to this Order. To the extent that material is marked CONFIDENTIAL, such material shall only be revealed to or used by limited categories of individuals, as provided for herein, and shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted disclosure pursuant to this Protective Order. Any copies of such material, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed CONFIDENTIAL, and the same terms regarding confidentiality of these materials shall apply as apply to the originals.

Information may be designated hereunder in any reasonable manner or method that clearly notifies the Receiving Party that the information is subject to this Protective Order and identifies with specificity the information to which the designation applies.  If made verbally, the Designating Party must promptly confirm in writing the designation.  Each page of a document and each thing that constitutes or contains CONFIDENTIAL INFORMATION shall

be labeled or marked with the legend "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" when the document or thing is produced to the receiving parties. Anything that cannot be so labeled or marked on its face shall be labeled or marked by placing the appropriate legend on a container or package in which it is produced or on a tag attached thereto. Material produced without any such legend shall not be subject to the protections afforded such information under this Order unless otherwise agreed by the Parties, ordered by the Court, or designated in accordance with § VI.A of this Order.

Should a party opt to make materials available for inspection in response to a discovery request, such inspection shall be conducted on an outside counsel eyes only basis. Once produced, such materials shall be treated by the Receiving Parties in accordance with any confidentiality designation made at the time of their production.

Documents and things produced or made available for inspection may be subject to redaction, in good faith by the Producing Party, of information that is neither relevant to the subject of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, or is subject to the attorney-client privilege or to work-product immunity. Each such redaction, regardless of size, shall be clearly labeled. This paragraph shall not be construed as a waiver of any party's right to seek disclosure of redacted information. All documents redacted based on attorney-client privilege or work-product immunity shall be listed on a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5).

Any party may mark any document or thing containing CONFIDENTIAL INFORMATION as an exhibit to a deposition, hearing or other proceeding, provided the witness at such proceeding is qualified under the terms of this Order to have access to such designated material.

If a party opts to produce documents containing CONFIDENTIAL INFORMATION in hard copy, then any complete hard copy production sets shall be maintained at the offices of outside counsel only.  To be clear, nothing in this Order requires that individual documents containing CONFIDENTIAL INFORMATION be maintained at the offices of outside counsel.

**IV.      CHALLENGES TO DESIGNATED INFORMATION**

In the event that a Receiving Party disagrees at any time with any designation(s) made by the Designating Party, the Receiving Party must first try to resolve such challenge in good faith on an informal basis with the Designating Party pursuant to S.D. Ind. L.R. 37-1.  The Receiving Party must provide written notice of the challenge and the grounds therefor to the Designating Party, who must respond in writing to the challenge within 15 days.  At all times, the Designating Party carries the burden of establishing the propriety of the designation and protection level.  Unless and until the challenge is resolved by the parties or ruled upon by the Court, the designated information will remain protected under this Order.  The failure of any Receiving Party to challenge a designation does not constitute a concession that the designation is proper or an admission that the designated information is otherwise competent, relevant, or material.

**V.      LIMITED ACCESS/USE OF PROTECTED INFORMATION**

A.      <u>Restricted Use:</u>  Information that is produced or exchanged in the course of this action and designated CONFIDENTIAL under this Order may be used solely for the preparation, trial, and any appeal of this action, as well as related settlement negotiations, and for no other purpose, without the written consent of the Designating Party.  No designated information may be disclosed to any person except in accordance with the terms of this Order.

Absent consent of the Designating Party and/or further order of this Court, all persons receiving information designated CONFIDENTIAL are expressly prohibited from using or disclosing such information in connection with any practice before or communication with the United States Patent and Trademark Office, the FDA, the United States Pharmacopoeia, or their counterpart organizations in any foreign jurisdiction.   No person shall use any CONFIDENTIAL INFORMATION, or information derived therefrom, for purposes other than the prosecution or defense of this action, including, without limitation, for purposes of preparing, filing or prosecuting any patent application, continuation or divisional patent application, reissue patent application or request for reexamination.  All persons in possession of designated information agree to exercise reasonable care with regard to the custody, use, or storage of such information to ensure that its confidentiality is maintained.  This obligation includes, but is not limited to, the Receiving Party providing to the Designating Party prompt notice of the receipt of any subpoena that seeks production or disclosure of any designated information and consulting with the Designating Party before responding to the subpoena, so that the Designating Party may have an opportunity to appear and be heard on whether such information should be disclosed.  Any use or disclosure of CONFIDENTIAL INFORMATION in violation of the terms of this Order may subject the disclosing person or party to sanctions.

It is understood that counsel for a Receiving Party may give advice and opinions to his or her client based on his or her evaluation of designated CONFIDENTIAL INFORMATION received by the party, provided that such rendering of advice and opinions shall not reveal the content of such information, other than in summary form, except by prior written agreement with counsel for the Designating Party.

Should any CONFIDENTIAL INFORMATION be disclosed, through inadvertence or otherwise, by the Receiving Party to any person or party not authorized under this Order, then

8

the Receiving Party shall (a) use its best efforts to obtain the return of any such material or information and to bind such person to the terms of this Order; (b) within three (3) business days of the discovery of such disclosure, inform such person of all provisions of this Order and request such person to sign the Agreement To Be Bound By Protective Order in the form attached hereto as <u>Exhibit A</u>; and (c) within five (5) business days of the discovery of such disclosure, inform the Designating Party of all pertinent facts relating to such disclosure, including the identity of such person and the information disclosed.

B.     <u>Access to CONFIDENTIAL INFORMATION:</u>  Except as may be provided for elsewhere in this Order, the parties and all persons subject to this Order agree that information designated as "CONFIDENTIAL" may only be accessed or reviewed by the following:

1.   Two (2) in-house attorneys for Plaintiff Eli Lilly and Company ("Lilly") and its authorized secretarial, paralegal, clerical and legal assistant staff whose duties require access to material designated CONFIDENTIAL INFORMATION, provided that the in-house attorneys shall not be involved in patent prosecution related to pemetrexed.  For Lilly, the designated persons shall be Steven P. Caltrider, Esq., and James P. Leeds, Esq.  In the event that one of the aforementioned individuals ceases to have responsibilities relating to this litigation, Lilly may designate another in-house attorney to replace such person upon giving written notice of such change to Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd. ("DRL Defendants");

2.   Two (2) in-house attorneys for DRL Defendants and their authorized secretarial, paralegal, clerical and legal assistant staff whose duties require access to material designated CONFIDENTIAL INFORMATION, provided

9

that the in-house attorneys shall not be involved in patent prosecution related to pemetrexed.  For the DRL Defendants, one designated person shall be Dr. Anjum Swaroop, Esq. An additional DRL in-house counsel shall be identified by written notice at a later date.  In the event that one of the aforementioned individuals ceases to have responsibilities relating to this litigation, DRL Defendants may designate another in-house attorney to replace such person upon giving written notice of such change to Lilly;

3. The Court, its personnel, and court reporters;

4. Outside trial counsel or outside attorneys of record for the parties, including, but not limited to, such attorneys' partners, associates, staff and contract attorneys, and their authorized secretarial, paralegal, clerical and legal assistant staff whose duties and responsibilities require access to material designated CONFIDENTIAL INFORMATION;

5. Outside consultants or experts and their staffs retained by the parties or their attorneys for purposes of this action, who are not objected to pursuant to § V.C, and who first agree to be bound by the terms of this Order;

6. Court reporters, videographers, and their respective staffs employed in connection with this action;

7. Non-parties specifically retained to assist outside counsel of record with copying and computer services necessary for document handling, and other litigation support personnel (e.g., graphic designers and animators, database entry personnel).  Any vendor under this provision who is accessing hard copies of CONFIDENTIAL INFORMATION on behalf of a party shall return to the party's counsel all hard copies of such documents as soon as the

information has been encoded and loaded into the computer, copied, prepared or otherwise processed by the vendor. Any vendor under this provision that is providing a party with on-going access to electronic copies of CONFIDENTIAL INFORMATION shall provide limited and secure access to the information (such as information stored on a computer) and the vendor will guarantee to provide access (e.g. through access codes or passwords) only to people who are entitled to access it under this Protective Order (including people retained or employed by the vendor entitled to such access);

8. Any interpreter or translation service retained to assist outside counsel of record, and any typist or transcriber used thereby; and

9. Other witnesses or persons with the Designating Party's consent or by court order.

For clarity, nothing in this Protective Order shall prohibit counsel or a party from disclosing a document containing information designated CONFIDENTIAL at deposition, at trial, or at any other court hearing, to: (i) any person who appears from the face of the document to have drafted, prepared, executed, had knowledge of the substance of, or received the document, or any person who is reasonably likely to have had prior lawful access to the document or the information contained therein; or (ii) a currently employed officer, employee, or expert of the party that produced the CONFIDENTIAL INFORMATION.

In addition, for clarity, nothing herein shall affect the right of the Designating Party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Order and shall not entitle other parties or their attorneys to disclose such information in violation of it,

unless by such disclosure of the Designating Party the information becomes public knowledge. Similarly, the Order shall not preclude a party from showing its own information to its officers, directors, employees, attorneys, consultants or experts, or to any other person, which information has been filed under seal by the opposing party.

      C.    <u>Identification of Experts</u>

If any party desires to disclose information designated CONFIDENTIAL to any expert or consultant pursuant to § V.B.5 above, it must first identify in writing to the attorneys for the Designating Party each such expert or consultant.  The attorney for the Designating Party shall have five (5) business days from receipt of such notice to object in writing to disclosure of such information to any of the experts or consultants so identified.  Any party that fails to object in writing within five (5) business days of receiving such notice shall be deemed to have waived such objection and the parties shall be deemed to have agreed upon disclosure to the expert for purposes of § V.B.5.  No CONFIDENTIAL INFORMATION may be disclosed to any proposed expert or consultant until such time as the parties are deemed to have agreed upon disclosure to the expert for purposes of § V.B.5 pursuant to the provisions of § V.C.

The identification of an expert or consultant shall include the full name and professional address and/or affiliation of the proposed expert or consultant, an up-to-date curriculum vitae, any prior or current employments or consultancies for any party or other company in the pharmaceutical industry within the last five (5) years (except those engagements that are protected from disclosure pursuant to Fed. R. Civ. P. 26), including a list of the cases in which the expert or consultant has testified at deposition, at a hearing, or at trial within the last four years. The parties shall attempt to resolve any objections informally.  If the objections cannot be resolved, the party opposing disclosure of the CONFIDENTIAL INFORMATION to the expert or consultant may raise the issue with the Court in accordance with the procedures set forth in

the Court's Scheduling Order for resolution of discovery disputes.  If the issue is raised with the Court, the party opposing disclosure shall bear the burden of proof with respect to the propriety of its objection and blocking of said individual from serving as an expert or consultant in this case.  Any party that fails to raise such an issue with the Court within ten (10) business days of notifying a party of an objection to disclosure under § V.C shall be deemed to have waived such objection and the parties shall be deemed to have agreed upon disclosure to the expert for purposes of § V.B.5.

        D.        <u>Review of Witness Acknowledgments:</u>

In no event shall any information designated CONFIDENTIAL be disclosed to any person authorized pursuant to § V.B.5 until such person has executed a written Confidentiality Undertaking (in the form set forth in <u>Exhibit A</u> hereto) acknowledging and agreeing to be bound by the terms of this Order.  Counsel for the party seeking to disclose material designated under this Order to any such person pursuant to this paragraph shall be responsible for retaining the executed originals of all such Confidentiality Undertakings.

At any time and for any purpose, including to monitor compliance with the terms hereof, any Designating Party may demand to review all copies of <u>Exhibit A</u> in any Receiving Party's possession.  The Receiving Party must, within 3 business days of the demand, provide all such copies to the Designating Party making the demand.

        E.        <u>Non-Waiver:</u>  Neither the taking of, nor the failure to take, any action to enforce the provisions of this Order, nor the failure to object to any designation, will constitute a waiver of any party's claim or defense in this action or any other action or proceeding, including but not limited to a claim or defense that any designated information is or is not confidential, is or is not entitled to particular protection, or embodies or does not embody information protectable

by law.  No party shall be obligated to challenge the propriety of any designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

In addition, this Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate.  Nor shall any party be precluded from (a) claiming that any matter designated hereunder is not entitled to the protections of this Order, (b) applying to the Court for an Order permitting the disclosure or use of information or documents otherwise prohibited by this Protective Order, or (c) applying for a further Order modifying this Protective Order in any respect.

F.      In-Court Use of Designated Information:  If information designated pursuant to this Order will or may be offered in evidence at a hearing or trial, then the offering party must give advance notice to the party or non-party that designated prior to offering the information so that any use or disclosure may be addressed in accordance with the Court's case-management or other pre-trial order, or by a motion *in limine*.

With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of CONFIDENTIAL INFORMATION, counsel may designate on the record prior to such disclosure that the disclosure is subject to confidentiality restrictions. Whenever matter designated CONFIDENTIAL INFORMATION is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may ask the Court to have excluded from the hearing or other proceeding any person who is not entitled under this Order to receive information so designated.

Nothing in this Order shall be construed as a waiver by a party of any objections that may be raised as to the admissibility at trial of any evidentiary materials.

## VI.    CLAW-BACK REQUESTS

A.    <u>Failure to Make Designation:</u>  If, at any time, a Producing Party discovers that it produced or disclosed protected information without designation, it may promptly notify the Receiving Party and identify with particularity the information to be designated and the level of designation (the claw-back notification).  Upon receipt of such notification, the Receiving Party shall treat such information consistent with the redesignation.  The Receiving Party may then request substitute production of the newly-designated information.  Within 30 days of receiving the claw-back notification, the Receiving Party must (1) certify to the Designating Party it has appropriately marked or, if substitute production has been requested,  destroyed all unmarked copies and any derivative memoranda or work product that it received, made, and/or distributed (except that a party is not obligated to return or destroy copies of undesignated materials that may be contained on electronic backup or archival media, which should be treated in accordance with standard retention policies); and (2) if it was practicably unable to mark or destroy any information because disclosures occurred while the Receiving Party was under no duty of confidentiality under the terms of this Order regarding that information, the Receiving Party must reasonably provide as much information as practicable to aid the Designating Party in protecting the information, consistently with the Receiving Party's attorney-client, work-product, and/or trial-preparation privileges.

B.    <u>Inadvertent Production of Privileged Information:</u>

Pursuant to Federal Rule of Evidence 502, the inadvertent production or disclosure of any document or thing (including information) otherwise protected by the attorney-client privilege, work-product immunity, or other privilege or immunity shall not operate as a waiver

of any such privilege or immunity if, after recognizing that privileged information has been produced or disclosed, the party who made the inadvertent production or disclosure sends to each receiving party a written request for return of the inadvertently produced or disclosed document or thing within a reasonably prompt period of time after recognizing that the privileged information has been produced or disclosed.  Within ten (10) days of receiving such a request, the receiving party shall (a) return to the producing party all such documents and things identified by the producing party as being protected by the attorney-client privilege, work product immunity, or other privilege or immunity and as having been inadvertently produced and (b) shall not utilize the information contained in such documents or things for any purpose, or disseminate or transmit such information, except as provided in subparagraph (a) below.

(a)     If the receiving party wishes to contest that any such document or thing is protected by the attorney-client privilege or by work-product immunity, the receiving party shall so notify the producing party in writing when the document or thing is returned to the producing party.  The receiving party may retain one copy of the document(s) or thing(s) at issue for the purposes of filing a motion to contest the designation.  The copy retained by the receiving party must be sequestered, and may not be used for any purpose except to present the information to the Court for a determination of the claim of privilege.

(b)     Within ten (10) days after receiving such notification, the producing party shall provide to the receiving party for each such document or thing a description of the basis for the claim of privilege or immunity.

(c)     Within ten (10) days after receiving such description, the receiving party may seek relief from the Court to compel production of such documents and things, the protection of which is still disputed, in accordance with the procedures set forth in the Court's Scheduling

16

Order for resolution of discovery disputes.  If a motion to contest the designation is not filed within such ten (10)-day period, the one (1) copy, if any, retained by the receiving party as set forth in § VI.B(a) shall be immediately returned to the producing party.  Likewise, in the event that the Court rejects the receiving party's challenge to the privileged status of the inadvertent production, the one (1) copy, if any, retained by the receiving party as set forth in § VI.B(a) shall be immediately returned to the producing party.

(d)      With respect to documents and things subsequently generated by a receiving party, which documents and things contain information derived from such inadvertently produced documents and things, if the receiving party does not notify the producing party that the receiving party disputes the claims of attorney-client privilege or work-product immunity, or if the Court rejects any challenge by the receiving party to the privileged status of the inadvertent production, the receiving party shall either destroy the derivative documents and things or redact from them all such derivative privilege or work-product information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

(e)      The procedures set forth in this § VI.B for challenging the privileged status of an inadvertent production shall not result in any waiver of the attorney-client privilege, the work-product immunity, or any other privilege or immunity.

**VII.     DURATION/CONTINUED RESTRICTIONS**

A.      <u>Handling of Designated Information Upon Conclusion of Action:</u>  Within ninety (90) days following final termination of this litigation, including all appeals therefrom, unless otherwise agreed to in writing by an attorney of record for the Designating Party, each party shall assemble and return, or destroy and certify destruction of, all materials containing information designated CONFIDENTIAL, including all copies, extracts and summaries thereof, to the party from whom the designated material was obtained, except that a party is not

obligated to return or destroy copies of CONFIDENTIAL INFORMATION that may be contained on electronic backup or archival media, which should be treated in accordance with standard retention policies.   Notwithstanding the foregoing, and subject to a continuing obligation to protect all such material pursuant to this order, outside counsel may retain any archive copies of any filings, court papers, correspondence, deposition and trial transcripts, deposition and trial exhibits, expert reports, written discovery responses, and attorney work product (regardless of whether such materials contain or reference CONFIDENTIAL INFORMATION for archival records). This provision does not apply to the Court or Court staff.

B.      <u>Continued Restrictions Under this Order</u>:  The restrictions on disclosure and use of CONFIDENTIAL INFORMATION survive the conclusion of this action until further Order of this Court.   No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each Designating Party, or by an Order of the Court for good cause shown.   The termination of employment of any person with access to any CONFIDENTIAL INFORMATION shall not relieve such person from the obligation of maintaining the confidentiality of such information.

## VIII.   REQUESTS TO SEAL

This protective order does not authorize a party to file or maintain a document under seal.   Any party that seeks to file any document, or any portion of a document, under seal, and any party that opposes its maintenance under seal, must comply with S.D. Ind. L.R. 5-11.

## IX.   MISCELLANEOUS

A.      <u>Modification or Order; Prior Agreements</u>:   This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties and approval by the Court.   This Protective Order supersedes any agreements between the parties

18

regarding the confidentiality of particular information entered into before the date of this Protective Order.

B.     <u>Section Captions</u>:  The title captions for each section of this Protective Order are for convenience only and are not intended to affect or alter the text of the sections or the substance of the Order.

C.     <u>Days</u>:  All references to "days" in this Order shall be construed as calendar days, unless otherwise specifically indicated.

D.     <u>Writings</u>: All references to communications "in writing" shall be construed to include email and facsimile transmissions.

E.     <u>Order Applicable Upon Filing with the Court</u>:  Upon filing this Protective Order with the Court, the Parties agree to treat it as "So Ordered," subject to any future modifications by agreement of the Parties or by the Court.

Dated: December 2, 2016                      Respectfully submitted,

**Counsel for Plaintiff/Counter Defendant:**        **Counsel for Defendants/Counter Claimants:**

By: <u>/s/Alec T. Swafford</u>                      By: <u>/s/Stephen E. Arthur (with permission)</u>
**Jan M. Carroll**, Atty. No. 4187-49              **Stephen E. Arthur**, Atty. No. 4055-49
BARNES & THORNBURG LLP                     HARRISON & MOBERLY, LLP
11 South Meridian Street                           Stephen E. Arthur, Atty. No. 4055-49
Indianapolis, IN 46204                             10 West Market Street, Suite 700
Phone: (317) 236-1313                              Indianapolis, Indiana 46204
Fax: (317) 231-7433                                Phone: (317) 639-4511
Email: jan.carroll@btlaw.com                       Facsimile: (317) 639-9565
                                                   Email: sarthur@harrisonmoberly.com

**Anne N. DePrez**, Atty. No. 4728-49              **Jeffery B. Arnold**
BARNES & THORNBURG LLP                     CANTOR COLBURN LLP
11 South Meridian Street                           1180 Peachtree Street
Indianapolis, IN 46204                             Suite 2050
Phone: (317) 236-1313                              Atlanta, GA 30309
Fax: (317) 231-7433                                Phone: (404) 607-9991

Email: anne.deprez@btlaw.com

**Adam L. Perlman**
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Phone: (202) 434-5149
Fax: (202) 434-5029
Email: aperlman@wc.com

**Dov P. Grossman**
WILLIAMS & CONNOLLY, LLP
725 Twelfth Street, NW
Washington, DC 20005
Phone: (202) 434-5000
Fax: (202) 434-5029
Email: dgrossman@wc.com

**Bruce Roger Genderson**
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Phone: (202) 434-5999
Fax: (202) 434-5029
Email: bgenderson@wc.com

**David M. Krinsky**
WILLIAMS & CONNOLLY, LLP
725 Twelfth Street, NW
Washington, DC 20005
Phone: (202) 434-5338
Fax: (202) 434-5029
Email: dkrinsky@wc.com

**Alec T. Swafford**
WILLIAMS & CONNOLLY, LLP
725 Twelfth Street, NW
Washington, DC 20005
Phone: (202) 434-5000
Fax: (202) 434-5029
Email: aswafford@wc.com

**Christopher T. Berg**
WILLIAMS & CONNOLLY, LLP

Facsimile: (404) 607-9981
Email: jarnold@cantorcolburn.com

**Steven M. Coyle**
CANTOR COLBURN LLP
20 Church Street
22nd Floor
Hartford, CT 06103
Phone: (860) 286-2929
Facsimile: (860) 286-0115
Email: scoyle@cantorcolburn.com

**Nicholas A. Geiger**
CANTOR COLBURN LLP
20 Church Street
22nd Floor
Hartford, CT 06103
Phone: (860) 286-2929
Facsimile: (860) 286-0115
Email: ngeiger@cantorcolburn.com

725 Twelfth Street, NW
Washington, DC 20005
Phone: (202) 434-5000
Fax: (202) 434-5029
Email: cberg@wc.com


So ORDERED.


Date: 1/23/2017




Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana










Distribution to all counsel of record via CM/ECF.

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

ELI LILLY AND COMPANY      )
                                  )
      Plaintiff-Counterclaim      )      Case No. 1:16-cv-308-TWP-DKL
      Defendant,                )
                                  )
vs.                              )
                                  )
DR. REDDY'S LABORATORIES, LTD.    )
and DR. REDDY'S LABORATORIES,    )
INC.,                            )
                                  )
      Defendants-Counterclaimants.    )

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

The undersigned acknowledges having been provided with and having read the "Stipulated Protective Order" in this matter ("Protective Order").  The undersigned further agrees he/she (i) is bound under the Protective Order, (ii) will comply with all of its provisions, and (iii) is subject to the jurisdiction of the Court for all purposes arising under the Protective Order, including enforcement of its terms.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____    _____
                                            By: _____
                                                   Print Name
                                          Its: _____