IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY, | ) |
| | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| v. | ) Case No. 1:16-cv-00308-TWP-MPB |
| | ) |
| DR. REDDY'S LABORATORIES, LTD. and | ) |
| DR. REDDY'S LABORATORIES, INC., | ) |
| | ) |
| Defendants/Counterclaimants. | ) |

**DEFENDANTS DR. REDDY'S LABORATORIES, LTD.'S
AND DR. REDDY'S LABORATORIES, INC.'S
STATEMENT OF CLAIMS OR DEFENSES THEY INTEND TO PROVE AT TRIAL**

Pursuant to Section V.A. of the Patent Case Management Plan (ECF No. 45), as amended by ECF No. 121, Defendants Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. (collectively, "defendants") hereby state that plaintiff Eli Lilly and Company ("Lilly") will not be able to meet its burden of proof at trial that defendants infringed or will infringe U.S. Patent No. 7,772,209, and that Lilly (1) is precluded from claiming infringement under the Doctrine of Equivalents by virtue of disclosure-disclaimer estoppel; and (2) that Lilly's evidence, if any, is insufficient to overcome the prosecution history estoppel bar to claiming equivalence.[1]

Lilly bears the burden of proof with regard to infringement. Lilly cannot and will not satisfy its burden with respect to direct infringement by defendants, at least because defendants are pharmaceutical companies that do not treat patients or carry out methods of administering drugs or other compositions to patients.

---

[1] Pursuant to Magistrate Judge LaRue's Order (ECF No. 96) (the "Order"), portions of Lilly's expert reports were stricken, and Lilly was ordered not to argue to introduce evidence thereof. Lilly has objected to the Order, and briefing concerning the matter is complete. To the extent the Court modifies the Order, the issues to be determined in this case may be of a different scope than that addressed in this statement.

Lilly also cannot and will not satisfy its burden with respect to direct infringement by the healthcare providers because it has no proof that the healthcare providers will carry out the claimed methods when using the accused pemetrexed ditromethamine NDA product, and additionally because Lilly cannot prove the prerequisites for liability when, as here, no single individual is responsible for carrying out all the steps of the claimed methods. *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111, 2117 (2014).

Even if Lilly were able to demonstrate direct infringement by the healthcare providers, Lilly cannot and will not satisfy its burden with respect to inducement of infringement at least because Lilly cannot demonstrate (1) that defendants specifically intend to cause healthcare providers to perform all of the elements of the method of any of the asserted patent claims when using the accused pemetrexed ditromethamine NDA product; (2) that the healthcare providers will carry out all of the elements of the method of any of the asserted patent claims by using the proposed pemetrexed ditromethamine NDA product in accordance with the direction in the proposed label for the pemetrexed ditromethamine NDA product; and (3) that defendants know (a) that the direction in the proposed label for the accused pemetrexed ditromethamine NDA product would cause the healthcare providers to carry out all of the elements of the method of any one of the asserted patent claims, using the accused pemetrexed ditromethamine NDA product, and (b) that defendants know that the healthcare providers will directly infringe, and defendants specifically intend for the healthcare providers to directly infringe the asserted patent claims. *See Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1364 (Fed. Cir. 2017) ("The mere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven."); *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305, 1307 (Fed. Cir. 2006).

Lilly cannot and will not satisfy its burden with respect to contributory infringement at least because Lilly has the burden of showing, but cannot demonstrate a substantial lack of noninfringing uses of the accused pemetrexed ditromethamine NDA product. *Golden Blount, Inc. v. Robert H. Peterson Co.*, 365 F.3d 1054, 1061 (Fed. Cir. 2004).

Because, in response to the Examiner's rejection of its claims as anticipated, Lilly narrowed its patent claims from requiring an "antifolate" to requiring the specific compound "pemetrexed disodium", Lilly bears the burden of overcoming the presumption that prosecution history estoppel bars a finding of equivalence of the claim limitation, "pemetrexed disodium", and the pemetrexed ditromethamine of the accused proposed NDA product. *See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 740-41 (2002) (stating, "A patentee's decision to narrow his claims through amendment may be presumed to be a general disclaimer of the territory between the original claim and the amended claim. . . . The patentee must show that at the time of the amendment one skilled in the art could not reasonably be expected to have drafted a claim that would have literally encompassed the alleged equivalent.") Lilly cannot and will not be able to meet its burden of proof to overcome the presumed bar to claiming equivalence. Nonetheless, if evidence is offered by Lilly in an attempt to overcome that bar, defendants will demonstrate that such evidence is insufficient and that the bar to claiming equivalence, persists.

Lilly will also not be able to meet its burden of proof of infringement under the Doctrine of Equivalents because therapeutic equivalence is not indicative of legal equivalence. *Abbott Labs v. Sandoz, Inc.*, 566 F.3d 1282, 1298 (Fed. Cir. 2009) ("bioequivalency and equivalent infringement are different inquiries").

In addition, Lilly cannot meet its legal burden of showing equivalence between pemetrexed disodium of the claims, and pemetrexed ditromethamine under the Doctrine of Equivalents by way of a function-way-result analysis, at least because it has improperly undertaken that analysis, including for the patent claim as a whole rather than with respect to the individual limitations. *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997) ("Each element contained in a patent claim is deemed material to defining the scope of the patented invention, and thus the doctrine of equivalents must be applied to individual elements of the claim, not to the invention as a whole.").

Lilly also will not be able to meet its burden of proving that the differences are insubstantial between the claim limitation, "pemetrexed disodium" and the pemetrexed ditromethamine of the accused product. *Moore U.S.A., Inc. v. Standard Register Co.*, 229 F.3d 1091, 1106-07 (Fed. Cir. 2000).

Further, Lilly will not be able to meet its burden of proof of infringement under the Doctrine of Equivalents because an inherently narrow claim limitation, like pemetrexed disodium, receives a correspondingly narrow scope of equivalents, if any at all. *See Moore U.S.A., Inc.*, 229 F.3d at 1106.

In addition, Lilly will not be able to meet its burden of showing equivalence under the Doctrine of Equivalents because Lilly does not undertake the legally-correct comparison; Lilly does not compare the "pemetrexed disodium" limitation of the claims with the pemetrexed ditromethamine of the accused product; instead Lilly compares each of "pemetrexed disodium" and pemetrexed ditromethamine, with pemetrexed, and separately compares pemetrexed ditromethamine with ALIMTA. *DeMarini Sports, Inc. v. Worth, Inc.*, 239 F.3d 1314, 1332 (Fed. Cir. 2001).

Separately, because the '209 patent specification discloses other salts for pemetrexed that Lilly does not claim, disclosure-disclaimer estoppel precludes the capture under the Doctrine of Equivalents of pemetrexed ditromethamine as an equivalent to the pemetrexed disodium limitation of the claimed methods. *See Johnson & Johnston Assocs., Inc. v. R.E. Service Co., 285 F.3d 1046, 1053 (Fed. Cir. 2002)* (holding that embodiments described in a patent, but not claimed, are dedicated to the public and not available for capture under the Doctrine of Equivalents). Defendants bear the burden of proof for, and intend to prove, disclosure-disclaimer estoppel.

Defendants seek a declaration that the claims of the '209 patent are not infringed and that the pursuit of defendants' NDA will not infringe any valid claim of the '209 patent. Defendants also seek an order dismissing Lilly's claims with prejudice and denying any relief requested by Lilly. Defendants further seek a declaration that this is an exceptional case within the meaning of 35 U.S.C. § 285 and an award of its costs and attorneys' fees, and all other relief that this Court may deem appropriate.

Respectfully submitted,

Dated: June 21, 2017

/s/ Stephen E. Arthur
Stephen E. Arthur, Atty. No. 4055-49
Rory O'Bryan, Atty. No. 9707-49
HARRISON & MOBERLY, LLP
10 West Market Street, Suite 700
Indianapolis, Indiana 46204
Telephone: (317) 639-4511
Facsimile: (317) 639-9565
Email: sarthur@harrisonmoberly.com
Email: robryan@harrisonmoberly.com

Jeffery B. Arnold
HOLLAND & KNIGHT LLP
1180 Peachtree Street
Suite 1800

Atlanta, GA 30309
Tel: (404) 817-8432
Fax: (404) 881-0470
Email: jarnold@hklaw.com


Charles A. Weiss
Merri C. Moken
Eric H. Yecies
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York NY 10019
Tel: (212) 513-3383
Fax: (212) 385-9010
Email: charles.weiss@hklaw.com
Email: merri.moken@hklaw.com
Email: eric.yecies@hklaw.com

*Counsel for Defendants Dr. Reddy's Laboratories, Ltd. And Dr. Reddy's Laboratories, Inc.*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on the 21st day of July 2017, a copy of the foregoing *Defendants Dr. Reddy's Laboratories, Ltd.'s and Dr. Reddy's Laboratories, Inc.'s Statement of Claims or Defenses they Intend to Prove at Trial* was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system:

**Jan M. Carroll**
**Anne N. DePrez**
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
(317) 236-1313
Fax: (317) 231-7433
Email: jan.carroll@btlaw.com
Email: anne.deprez@btlaw.com

**Adam L. Perlman**
**Alec T. Swafford**
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
202-434-5149
Fax: (202) 434-5029
Email: aperlman@wc.com
Email: aswafford@wc.com

**Bruce Roger Genderson**
**Christopher T. Berg**
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
202-434-5999
Fax: (202) 434-5029
Email: bgenderson@wc.com
Email: cberg@wc.com

**David M. Krinsky**
**Dov P. Grossman**
**Galina Fomenkova**
WILLIAMS & CONNOLLY, LLP
725 Twelfth Street, NW
Washington, DC 20005
202-434-5338
Fax: (202) 434-5029
Email: dkrinsky@wc.com
Email: dgrossman@wc.com
Email: gfomenkova@wc.com

       */s/ Stephen E. Arthur*
       Stephen E. Arthur, Atty. No. 4055-49
       Rory O'Bryan, Atty. No. 9707-49
       HARRISON & MOBERLY, LLP
       10 West Market Street, Suite 700
       Indianapolis, Indiana 46204
       Telephone:    (317) 639-4511
       Facsimile:    (317) 639-9565
       Email: sarthur@harrisonmoberly.com
       Email: robryan@harrisonmoberly.com

       *Counsel for Defendants*
       *Dr. Reddy's Laboratories, Ltd. and*
       *Dr. Reddy's Laboratories, Inc.*