**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| ELI LILLY AND COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-00308-TWP-MPB |
| | ) | |
| DR. REDDY'S LABORATORIES, LTD., | ) | |
| DR. REDDY'S LABORATORIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| DR. REDDY'S LABORATORIES, INC., | ) | |
| DR. REDDY'S LABORATORIES, LTD., | ) | |
| | ) | |
| Counter Claimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ELI LILLY AND COMPANY, | ) | |
| | ) | |
| Counter Defendant. | ) | |

## ENTRY ON DEFENDANTS' MOTION TO AMEND PARAGRAPH 12 OF THE COURT'S ENTRY FOLLOWING PRETRIAL CONFERENCE

For the reasons stated below, the Court **grants in part**, Defendants Dr. Reddy's Laboratories, LTD. and Dr. Reddy's Laboratories, Inc. (collectively, "Dr. Reddy's") Motion to Amend Paragraph 12 of the Court's Entry Following Pretrial Conference (ECF. No. 212) ([Filing No. 212](#)). Paragraph 12 reads:

> 12. In its summary judgment ruling, the Court determined as a matter of law that prosecution history estoppel does not bar Lilly from asserting doctrine of equivalents. The parties agreed that evidence and the record submitted at summary judgment is identical to the record and evidence that would be presented at trial on this issue. Accordingly, no evidentiary presentation is required at trial on this issue.

*Id.* Dr. Reddy's argues that while Lilly agreed that its opposition to the summary judgment motion contained all the evidence Lilly would have elicited at trial on prosecution history estoppel, Dr. Reddy's made no concession that its evidence would be so limited. Dr. Reddy's proposes Paragraph 12 to read as follows:

> 12. In its summary judgment ruling, the Court determined as a matter of law that prosecution history estoppel does not bar Lilly from asserting doctrine of equivalents. Lilly stated that the evidence it would have elicited at trial on this issue is the same as that which it submitted on summary judgment.

Plaintiff, Eli Lilly and Company ("Lilly") opposes the motion to amend Paragraph 12 and does not agree with Dr. Reddy's position. (Filing No. 214).

The Court is not persuaded by Dr. Reddy's argument that it made no concession. At the pretrial conference, Lilly raised the question of clarification regarding the Court's summary judgment ruling on the prosecution history estoppel issue. (Filing No. 210 at 21).[1] Dr. Reddy's offered the context in which this question arose, which largely deals with Dr. Reddy's concern that Lilly might argue on appeal that it did not get the chance to present evidence to carry Lilly's burden of rebutting the presumption of prosecution history estoppel because the Court decided this issue on summary judgment. *Id.* at 22. Therefore, Lilly would not be required to present any evidence on this issue during the trial, and could later strategically use this for a second bite at the apple. *Id.* at 23.

While the Court acknowledges that a significant portion of the dialogue focused on what Lilly might argue in the event of an appeal, the Court specifically asked Dr. Reddy's for its position

---

[1] In terms of your Honor's summary judgment ruling, Mr. Weiss and I both read you to have decided the prosecution history estoppel issue, that prosecution history estoppel does not bar Lilly from asserting doctrine of equivalents. And that is with the proviso that I agreed to with Mr. Weiss, that the evidence we would submit at trial is the same evidence we would submit at trial is the same evidence we've already submitted at summary judgment and that there's no new evidence *anyone* intends to put in on the issue, and it's ultimately a question of law, not a question of fact. (Filing No. 210 at 21). (emphasis added).

2

on Lilly's repeated assertions that both parties had put in the evidence they wanted to put in on this issue.

> MR. PERLMAN: -- I don't -- on that issue. So I
> don't -- I don't think either of us think there's more to do
> on that.
> THE COURT: And you agree, that there's nothing more
> that the parties would present?
> MR. WEISS: Yeah. I think Mr. Perlman has addressed
> my -- the real concern that I have --
> THE COURT: Okay.
> MR. WEISS: -- is that there would not be a second
> trial because Lilly says, "We didn't put our evidence in."
> THE COURT: All right. So Lilly has stated for the
> record that you have put your evidence in.
> MR. PERLMAN: We have placed in the record the
> evidence upon which we would rely.
> THE COURT: All right. And both sides have done
> that and the Court has issued a ruling on this question of
> law.

Filing No. 210 at 24.

Dr. Reddy's now asserts that it was not making a concession that it had put in all of their evidence on this issue. Although the time to have made that patently clear would have been when asked by the Court at the pretrial conference, the Court will accept Dr. Reddy's suggestion stated in its Reply, ([Filing No. 215 at 5](#)) and Paragraph 12 will be amended to state the following:

> In its summary judgment ruling, the Court determined as a matter of law that prosecution history estoppel does not bar Lilly from asserting doctrine of equivalents. The parties agreed that evidence and the record submitted at summary judgment is identical to the record and evidence that would be presented at trial on this issue. However, the Court clarifies that (i) the record on the issue of prosecution history estoppel will include both the summary judgment record and the trial record, and (ii) both parties are permitted, but not required, to supplement the summary judgment record on the issue of prosecution history estoppel with appropriate trial evidence.

**SO ORDERED.**

Date: 1/12/2018

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jeffery B. Arnold
HOLLAND & KNIGHT LLP
jeffery.arnold@hklaw.com

Stephen E. Arthur
HARRISON & MOBERLY
(Indianapolis)
sarthur@harrisonmoberly.com

Christopher T Berg
WILLIAMS & CONNOLLY LLP
cberg@wc.com

Jan M. Carroll
BARNES & THORNBURG, LLP
(Indianapolis)
jan.carroll@btlaw.com

Anne N. DePrez
BARNES & THORNBURG LLP
(Indianapolis)
adeprez@btlaw.com

Galina I. Fomenkova
WILLIAMS & CONNOLLY LLP
gfomenkova@wc.com

Bruce Roger Genderson
WILLIAMS & CONNOLLY LLP
bgenderson@wc.com

Dov P. Grossman
WILLIAMS & CONNOLLY, LLP
dgrossman@wc.com

David M. Krinsky
WILLIAMS & CONNOLLY, LLP
dkrinsky@wc.com

Andrew Lemens
WILLIAMS & CONNOLLY LLP
alemens@wc.com

Merri C Moken
HOLLAND & KNIGHT LLP
merri.moken@hklaw.com

Rory O'Bryan
HARRISON & MOBERLY
(Indianapolis)
robryan@harrisonmoberly.com

Charles E. Oswald, IV
HARRISON & MOBERLY
(Indianapolis)
coswald@harrisonmoberly.com

Adam L. Perlman
WILLIAMS & CONNOLLY LLP
aperlman@wc.com

Alec T. Swafford
WILLIAMS & CONNOLLY LLP
aswafford@wc.com

Charles A. Weiss
HOLLAND & KNIGHT LLP
charles.weiss@hklaw.com

Eric H. Yecies
HOLLANDS & KNIGHT LLP
eric.yecies@hklaw.com